M. I. DAVIS, d/b/a Davis GMC Truck Company, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, GMC Truck & Coach Division, Defendant-Appellee.

No. 27274.

United States Court of Appeals
Fifth Circuit.
July 11, 1969.

Jack N. Price, Price & Fisher, Longview, Tex., for plaintiff-appellant.

Ira Butler, Fort Worth, Tex., Smith, Hall & Huffman, Marshall, Tex., Thomas W. Watkins, Atty., GMC Detroit, Mich., for defendant-appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

On November 1, 1964, M. I. Davis entered into a Dealer Selling Agreement with General Motors Corporation, GMC Truck and Coach Division, for the operation of a dealership in Longview, Texas. The dealer franchise agreement provided that it was to be governed and construed according to Michigan law. On January 31, 1966, Mr. Davis wrote GMC that he was in bad health, that he intended to give up his dealership, and that he wished GMC to invoke 14B(3) of the agreement, which would have provided Davis with "dealership assistance" under 18A(1) of the agreement as it relates to "Loss on Premises, Owned by Dealer" when termination results from a health related incapacity. Without waiting for a reply from GMC, Davis closed the dealership and informed GMC that he had done so.

On February 17, 1966, GMC notified the dealer, in response to his letter that it did not consider him sufficiently disabled to justify the invocation of Clause 14B(3). Davis did not reopen the dealership, so GMC terminated the franchise under another clause of the contract [14B(4) (H)] for failure to maintain a going concern, or open for business for seven consecutive days.

Davis then sued GMC for a breach of 14B(3). GMC answered and moved for summary judgment. Construing the contract according to Michigan law, the District Court held that 14B(3) was permissive, not mandatory, that consequently there was no issue left to try, and granted summary judgment. The Michigan cases reveal beyond question that the construction placed upon the contract by the Court below was correct.

Nothing else remains to be said.

Affirmed.